**Gary L. TAYLOR, Plaintiff—Appellant,**

v.

**Michael J. ASTRUE, Commissioner of Social Security Administration, Defendant—Appellee.**

No. 08–16178.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 8, 2009.*

Filed Oct. 14, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

144

Eric G. Slepian, Esquire, Slepian Law Office, Phoenix, AZ, for Plaintiff–Appellant.

Eric K.H. Chinn, Esquire, Special Assistant U.S., Donna M. Montano, Esquire, SSA–Social Security Administration Office of The General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: RYMER and TASHIMA, Circuit Judges, and LEIGHTON,** District Judge.

** The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

MEMORANDUM ***

■ Gary Taylor appeals from the district court's judgment affirming the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability benefits and supplemental security income. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand. We review the district court's decision upholding the denial of social security benefits *de novo*, applying the same standard of review as did the district court in reviewing the Commissioner's decision. *See Gillett–Netting v. Barnhart*, 371 F.3d 593, 595 (9th Cir.2004) ("The Commissioner's denial of benefits may be set aside when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record.").

■ We agree with Taylor that the administrative law judge ("ALJ") improperly rejected the opinion of Dr. Neufeld. After examining Taylor on September 27, 2005, Dr. Neufeld opined that Taylor was unable to work due to his "slow thinking process," "social anxiety [and] paranoid thoughts," "difficulty concentrating," "[inability] to withstand pressure," and "poor tolerance to stress." While we agree with the ALJ that Taylor's psychosis had subsided by the end of 2004, we find little in the record that contradicts Dr. Neufeld's opinion regarding Taylor's ongoing mental impairments. Thus, we cannot find that the ALJ's reason for rejecting Dr. Neufeld's opinion was supported by substantial evidence. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir.1995) ("[T]he opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

specific and legitimate reasons that are supported by substantial evidence in the record.").

Accordingly, we reverse the district court and remand this case for further proceedings. We decline Taylor's request that we remand with instructions to award benefits, however, because the record has not been developed regarding steps three, four, and five of the five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2009). Thus, there remain "outstanding issues that must be resolved before a determination of disability can be made." *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir.2000).

For the foregoing reasons, the judgment of the district court is reversed and the case is remanded with instructions to remand to the Commissioner for further proceedings consistent with this disposition.

**REVERSED and REMANDED.**